# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA MCALISTER o/b/o K.D.D.  : CIVIL ACTION
:
v.  : NO. 09-2929
:
MICHAEL J. ASTRUE,  :
Commissioner of Social Security  :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J  MAY 13, 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response (Doc. No. 12), the court makes the following findings and conclusions:

1. On May 1, 2007, Jessica McAlister ("plaintiff") protectively filed for child supplemental security income on behalf of K.D.D. under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of December 27, 2002, the day of K.D.D.'s birth. (Tr. 62-64). Throughout the administrative process, including an administrative hearing held on October 7, 2008 before an ALJ, plaintiff's claims were denied. (Tr. 9-20; 21-37; 39-42). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), plaintiff filed her complaint in this court on June 30, 2009. (Tr. 1-3; Doc. No. 1).

2. In his October 28, 2008 decision, the ALJ concluded, *inter alia*, that K.D.D. had severe speech and language delays but that his impairments did not meet, medically equal or functionally equal an impairment. (Tr. 12 Findings 2-5). Specifically, the ALJ found that K.D.D. had less than marked limitations in the domains of: acquiring and using information, attending and completing tasks, interacting and relating with others, and health and physical well-being; and no limitations in the domains of moving about and manipulating objects and caring for yourself. (16 ¶ 3 - 20 ¶ 1).[1] Therefore, the ALJ concluded that K.D.D. was not disabled. (Tr. 20 Finding 6).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4. Plaintiff contends that K.D.D.'s impairments functionally equal a listing because he has marked limitations in the domains of acquiring and using information and attending and completing tasks and that the ALJ erred by finding otherwise. Plaintiff's arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A. First, plaintiff contends that the ALJ failed to consider all of the relevant evidence allegedly establishing a marked limitation in the domain of attending and completing tasks. Specifically, plaintiff contends that the ALJ failed to properly consider her testimony regarding her son's hyperactivity and his teachers' report that he had moderately to markedly atypical scores on most factors related to ADHD. (Tr. 29; 326). On the contrary, while the ALJ may not have cited every record referencing hyperactivity or ADD/ADHD, he did discuss both plaintiff's testimony and the findings of K.D.D.'s teachers, including the report cited to by plaintiff. See Phillips v. Barnhart, 91 Fed. Appx. 775, 780, n. 7 (3d Cir. 2004) (finding that "[a] written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence"). For example, the ALJ noted: plaintiff's testimony that her son was hyperactive; a June 2008 school evaluation report indicating concerns over hyperactive behaviors in the classroom; a October 6, 2008 note from his speech and language support teacher that his hyperactivity issues were being monitored carefully; and an April 10, 2008 speech and language screening in which the screener suggested that ADHD be ruled out. (Tr. 13 ¶ 2; 14 ¶ 1; 15 ¶ 1; 32-33; 209; 316). The ALJ also noted that K.D.D. had not been diagnosed with ADHD and did not take any medications for the disorder. (Tr. 16 ¶ 1). Ultimately, the ALJ found that there was insufficient evidence of a marked deficiency in this domain, and would expect his restlessness at school to be controlled as he progressed further in elementary school. (Tr. 17 ¶ 4). There is certainly sufficient evidence in the record to conclude that K.D.D. has hyperactive tendencies which should be monitored. However, after reviewing the record and the arguments of the litigants, I conclude that the ALJ's conclusion that K.D.D. did not have a marked limitation in the domain of attending and completing tasks was supported by substantial evidence.

       B. Second, plaintiff contends the ALJ erred by failing to find a marked limitation in the domain of acquiring and using information. There is no question that K.D.D.'s primary issue concerns his poor expression through language. Technically, there is no need to discuss this argument further because even if K.D.D. did have a marked limitation in this domain, in order to functionally equal an impairment, he must have a marked limitation in two

2

domains, which plaintiff is unable to show. 20 C.F.R. § 416.926a.[2] Nonetheless, I find it prudent to review this argument. In his decision, the ALJ recognized that plaintiff did not contend that K.D.D. had a major problem acquiring information, instead, the contention was that K.D.D. had limitations in using or presenting the information he had obtained in a manner that was comprehendible to others. (Tr. 16 ¶ 6). As a result, the ALJ concluded that K.D.D. had a less than marked limitation in the domain. Repeatedly throughout the record and in the ALJ's decision, it is remarked that K.D.D. had moderately to severely delayed expressive language skills but normal to only mildly delayed receptive language skills.[3] (Tr. 13 ¶ 1- 15 ¶ 1; 15 ¶ 3; 27; 119-20; 165; 168; 201-208; 209; 311; 318). It is apparent that the ALJ mentally averaged a moderate to severe deficiency with a normal to mild deficiency, along with K.D.D.'s I.Q. and other functional test results, and concluded that his total functioning in this domain was less than marked. I find that this was a reasonable assessment and the ALJ's conclusion was supported by substantial evidence.

     5.    Upon due consideration of all of the arguments and evidence, I find that the ALJ's conclusions are supported by substantial evidence and legally sufficient. As a result, plaintiff's request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.

---

[2] Section 416.926a also provides that having an extreme limitation in one domain of functioning will also functionally equal a listing. However, plaintiff does not contend that K.D.D. has such an extreme limitation.

[3] Receptive language refers to the way a child understands language, while expressive language refers to the way a child uses verbal communication to express wants, needs and ideas. (Tr. 119-20).